UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IRVING K. ARENBERG et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY, MCKESSON CORPORATION, and DOES 1 to 100,<br><br>　　　　Defendants. | Case No: C 12-06207 SBA<br><br>**ORDER GRANTING MOTION TO STAY**<br><br>Docket 21, 22 |

　　　On November 19, 2012, Plaintiffs commenced the instant action against Defendants Bristol-Myers Squibb Company ("BMS") and Mckesson Corporation ("McKesson") (collectively, "Defendants") in the Superior Court of California, County of San Francisco, alleging injuries arising out of the use of the prescription drug Plavix®. Compl., Dkt. 1. On December 7, 2012, the case was removed to this Court based on diversity jurisdiction, 28 U.S.C. § 1332(a), and jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Notice of Removal, Dkt. 1. On December 10, 2012, Defendants filed a motion to relate this case to Caouette v. Bristol-Myers Squibb Co., 3:12-01814-EMC (N.D. Cal. Dec. 10, 2012), which is currently pending before Judge Chen. See Dkt. 21. On January 14, 2013, Plaintiffs filed a motion to remand. Dkt. 11.

　　　On February 20, 2013, the Judicial Panel on Multidistrict Litigation ("MDL Panel") conditionally transferred this case to the United States District Court for the District of New Jersey as part of Multidistrict Litigation No. 2418, In re: Plavix Marketing, Sales Practices and Products Liability Litigation (No. II) ("Plavix® MDL"). See Dkt. 21, Exh. C.

Plaintiffs have opposed the conditional transfer order.  Dkt. 23.  The issue of whether this action will be transferred to the Plavix® MDL is currently pending before the MDL Panel.

The parties are presently before the Court on BMS's motion to stay pending transfer to the Plavix® MDL or, "at a minimum," pending a decision by Judge Chen on the motion to relate.  Dkt. 21.  Plaintiffs oppose the motion.  Dkt. 23.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS BMS's motion to stay, for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

A district court has the inherent power to stay proceedings.  "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).  A district court's decision to grant or deny a stay is a matter of discretion.  Dependable Highway Express, Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007).  In determining whether to stay proceedings pending a motion before the MDL Panel, the factors to consider include: (1) conserving judicial resources and avoiding duplicative litigation; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.  In re iPhone Application Litigation, 2011 WL 2149102, *2 (N.D. Cal. 2011); see also Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

The Court finds that the above-referenced factors weigh in favor of a stay.  First, there is no evidence that Plaintiffs will be prejudiced or inconvenienced by the stay. Indeed, if this case is transferred to the Plavix® MDL or related by Judge Chen, Plaintiffs can present their motion to remand to the MDL Court or to Judge Chen.  If the case is not transferred or related, this Court will resolve Plaintiffs' motion to remand.  Furthermore, it is unlikely that the stay will last long; BMS anticipates that the conditional transfer issue will be decided by the MDL Panel shortly after May 30, 2013.  See Kinney v. Bristol-Myers Squibb Co., C 12-4477 EMC (N.D. Cal. Apr. 12, 2013).   Second, BMS may suffer

hardship and inequity if the stay is not imposed.  See Arnold v. Bristol-Myers Squibb Co., C 12-6426 TEH (N.D. Cal. Apr. 3, 2013) ("If the Court were to deny the motion to remand and this case were later transferred, Judge Chen or the MDL court could revisit the issue, thus forcing Defendant to relitigate it.  On the other hand, if the Court were to grant the motion, and Judge Chen or the MDL court ultimately decided in other similar cases that removal was proper, Defendant would be prejudiced by having to litigate this case in state court instead of before Judge Chen or the MDL court.").  Third, a stay would promote judicial economy and uniformity.  It is undisputed that motions to remand are pending before multiple judges in this district in similar cases.  Staying the action will avoid the possibility of inconsistent results and will conserve judicial resources by avoiding the needless duplication of work if this action is transferred or related.

Accordingly,

IT IS HEREBY ORDERED THAT:

1. BMS's motion to stay is GRANTED.[1]  This action is STAYED until the pending conditional transfer matter is resolved by the MDL Panel and the motion to relate is resolved by Judge Chen.  The parties shall inform the Court within seven (7) days from the date(s) these respective matters are resolved.

2. The Case Management Conference scheduled for May 15, 2013 is CONTINUED to June 19, 2013 at 3:00 p.m.

3. This Order terminates Docket 21 and Docket 22.

IT IS SO ORDERED.

Dated: 4/22/13

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] This Court joins other courts in this district that have granted motions to stay in similar cases. See Aiken v. Bristol-Myers Squibb Co., C 12-05208 RS (N.D. Cal. Mar. 14, 2013); Vanny v. Bristol-Myers Squibb Co., C 12-05752 SI (N.D. Cal. Mar. 25, 2013); Arnold v. Bristol-Myers Squibb Co., C 12-6426 TEH (N.D. Cal. Apr. 3, 2013); Kinney v. Bristol-Myers Squibb Co., C 12-4477 EMC (N.D. Cal. Apr. 12, 2013).